**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br> **Plaintiff;** )<br> )<br>**v.** )<br> )<br>**Perry E. Roudabush and** )<br>**Susan H. Roudabush** )<br>**436 Country Oaks Lane** )<br>**Stuart, VA 24171** )<br> )<br> **Defendants.** )<br> ) | **Civil No.** <u>7:18cv511</u> |

## COMPLAINT

COMES NOW the United States of America, by counsel, on behalf of the United States

Department of Agriculture (USDA), Farm Service Agency (FSA), successor to the Farmers

Home Administration, and alleges the following as its complaint against the defendants, Perry E.

Roudabush and Susan H. Roudabush:

<u>Jurisdiction</u>

1. The plaintiff is the United States of America acting on behalf of the USDA-FSA. This

Court thus has jurisdiction pursuant to 28 U.S.C. § 1345.

<u>Venue</u>

2. The defendants reside in the Western District of Virginia at 436 Country Oaks Lane,

Stuart, VA 24171. Venue is thus proper in the Western District of Virginia pursuant to 28 U.S.C.

§ 1391.

1

<u>Allegations</u>

3. The defendants received a series of four (4) personal farm loans from USDA-FSA in the total principal amount of $347,293.48 represented by promissory notes, some of which were rescheduled, and each of which was individually executed by each of the defendants. The total principal amount of each of the promissory notes was duly paid by USDA-FSA to the defendants as a loan according to the terms and conditions of each note. The subject promissory notes are attached hereto as EXHIBITS A through D and are incorporated herein by reference.

4. The defendants agreed to repay and were obligated to repay to USDA-FSA the principal amount of each loan, according to the schedule, together with the rate of interest stated in each of the promissory notes.

5. The defendants defaulted on repayment of the subject promissory notes.

6. The subject promissory notes are all secured by real and personal property owned by the defendants.

7. On June 30, 2017, USDA-FSA had a foreclosure sale of the defendants' real property, on July 15, 2017 a foreclosure sale of the defendants' livestock, and on October 28, 2017 a foreclosure sale of the defendants' equipment that secured the subject notes.

8. Following the foreclosure sales, as of August 14, 2018, the defendants owed USDA-FSA $229,557.20 on their four promissory notes as represented by an Affidavit of Indebtedness attached hereto as EXHIBIT E and incorporated herein. As of that same date, interest had accrued on the outstanding principal balance of $229,557.20 in the amount of $81,554.59, for a total deficiency of $311,111.79. Interest continues to accrue on the principal debt.

9. USDA-FSA gave the defendants notice of acceleration and demand for repayment of

2

the farm loans represented by the attached four promissory notes.

10.   The defendants waived presentment, protest and notice by the terms of the promissory notes.

11. The plaintiff does not request a jury trial.

<u>Prayer for Relief</u>

WHEREFORE, the defendants are indebted to the plaintiff in the amount of $229,557.20 plus interest and the plaintiff requests that the Court enter a joint and several money judgment in favor of the United States of America against the defendants, Perry E. Roudabush and Susan H. Roudabush, in the amount of $229,557.20 plus accrued interest as provided in the subject promissory notes, as well as continuing interest on the outstanding debt, and that the Court award the plaintiff, such other relief as the Court may deem proper.

Respectfully submitted,

THOMAS T. CULLEN
UNITED STATES ATTORNEY

Date: <u>10/19/2018</u>

<u>/s/ Laura Day Rottenborn</u>
Laura Day Rottenborn
IL State Bar No. 6289334
Assistant United States Attorney
Post Office Box 1709
Roanoke, VA   24011
Office: 540-857-2976
Email: laura.rottenborn@usdoj.gov

3



VIRGINIA:

## IN THE CIRCUIT COURT FOR ROANOKE COUNTY

| | |
|---|---|
| HELEN PERRY, | ) |
| Plaintiff, | ) Case No.: CU18-976 |
| | ) |
| v. | ) |
| | ) |
| KROGER LIMITED PARTNERSHIP I | ) |
| | ) |
| Serve: | ) |
| | ) |
| Kroger Limited Partnership I | ) |
| By its Registered Agent | ) |
| Corporation Service Company | ) |
| 100 Shockoe Slip, 2nd Floor | ) |
| Richmond, Virginia 23219 | ) |
| | ) |
| and | ) |
| | ) |
| ARAMARK UNIFORM & CAREER | ) |
| APPAREL, LLC | ) |
| | ) |
| Serve: | ) |
| | ) |
| Aramark Uniform & Career | ) |
| By its Registered Agent | ) |
| CT Corporation System | ) |
| 4701 Cox Road, Suite 285 | ) |
| Glen Allen, Virginia 23060 | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT

Plaintiff Helen Perry, by counsel, moves the Court for judgment against defendants

Kroger Limited Partnership I ("Kroger") and Aramark Uniform Services ("Aramark"), jointly

and severally, on the grounds and in the amount hereinafter set forth:

1. Defendant Kroger is and was at all relevant times a limited liability

partnership conducting business in the Commonwealth of Virginia, and is in the business

1

Case 7:18-cv-00511-EKD   Document 1-1   Filed 10/19/18   Page 1 of 4   Pageid#: 4

EXHIBIT

A

of owning, managing and/or operating grocery stores known as Kroger, including one such store located at 3970 Valley Gateway Boulevard, Roanoke, Virginia 24012, in (the "Grocery Store").

2. Defendant Aramark is and was at all relevant times a corporation conducting business in the Commonwealth of Virginia, and is in the business of providing floor mats to other businesses including Kroger, and specifically provided floor mats for use at the Grocery Store. Aramark's floor mats were in use at the Grocery Store on January 9, 2018.

3. On or about January 9, 2018, plaintiff Helen Perry was, at the express or implied invitation of Kroger, shopping at the Grocery Store.

4. At that time and place, a place of business in which the general public was invited, defendants Kroger and Aramark, individually and collectively, and their respective agents and employees, each had a duty to maintain the Grocery Store in a reasonably safe condition; to make reasonable inspections to determine whether any latent defects existed; to remove within a reasonable time any latent defects that were known, or in the exercise of ordinary care should have been known, by them or either of them, to be present and to present a danger to invitees; or to warn Mrs. Perry of any unsafe or dangerous condition if it was not known, and not reasonably expected to be known, to Mrs. Perry.

5. Notwithstanding the said duties, defendants Kroger and/or Aramark, and their respective agents and employees, negligently allowed a dangerous condition to exist, to-wit: Kroger and/or Aramark, and their respective agents and employees, negligently allowed the existence of an unmarked and latent condition on the walking

2

surface near or in the entrance to or exit from the Grocery Store (the "dangerous condition"), which made the walking surface unreasonably dangerous for individuals, including Mrs. Perry, to walk on.

6.    Defendants Kroger and/or Aramark, and their respective agents and employees, each knew, or reasonably should have known, of the existence of the dangerous condition.

7.    Neither defendant Kroger nor defendant Aramark warned Mrs. Perry of the existence of the dangerous condition.

8.    Defendants Kroger and Aramark are each vicariously liable for actions, or failures to act, of their respective agents and employees.

9.    As a direct and proximate result of the negligence of defendants Kroger and/or Aramark, and/or their respective agents and employees, Mrs. Perry fell on or about January 9, 2018 while exiting the Grocery Store because of the dangerous condition, and sustained severe and permanent bodily injuries; has suffered and will continue to suffer great pain of body and mind; has sustained permanent disability and deformity; has suffered great inconvenience and mental anguish; and has incurred and will in the future incur hospital, doctors' and/or related expenses in an effort to treat and/or be cured of said injuries.

WHEREFORE, plaintiff Helen Perry moves the Court for judgment against defendants Kroger and Aramark, jointly and severally, in the sum of SEVENTY THOUSAND AND 00/100 DOLLARS ($70,000.00) together with pre- and post-judgment interest and her costs in this behalf expended.

3

PLAINTIFF HELEN PERRY DEMANDS A JURY TRIAL.

HELEN PERRY

*Patrick T. Fennell*

By Counsel

Patrick T. Fennell (VSB 40393)
PATRICK FENNELL, ATTORNEY AT LAW, P.C.
Post Office Box 12325
Roanoke, Virginia 24024
Telephone: 540-339-3889
Facsimile: 540-339-3880
patrick@fmtrials.com

Harry F. Bosen, Jr. (VSB 15055)
HARRY F. BOSEN, JR., P.C.
Post Office Box 1028
(306 East Main Street)
Salem, Virginia 24153
Telephone: 540-389-6940
Facsimile: 540-389-2104

Counsel for plaintiff Helen Perry.

4

VIRGINIA:

## IN THE CIRCUIT COURT FOR ROANOKE COUNTY

HELEN PERRY,

    Plaintiff,

v.                          Case No.: CL18-976

KROGER LIMITED PARTNERSHIP I,
and ARAMARK UNIFORM & CAREER
APPAREL, LLC

    Defendants.

Filed in the Clerk's Office
Circuit Court of
Roanoke County, VA

JUL 2 0 2018

Deputy Clerk

### ANSWER

COME NOW the Defendants, KROGER LIMITED PARTNERSHIP I and

ARAMARK UNIFORM & CAREER APPAREL, LLC ("Defendants") by counsel, and

hereby responds to the Plaintiff's Complaint as follows:

1.     Defendants admit that Defendant Kroger is a limited liability partnership

that conducts business in the Commonwealth of Virginia. Defendants admit that there

is a Kroger grocery store located at 3970 Valley Gateway Boulevard in Roanoke,

Virginia 24012. Defendants lack sufficient information and knowledge to presently

admit or deny whether Defendant Kroger is the owner, manager or operating entity of

said grocery store and therefore deny the remaining allegations in paragraph 1 of

plaintiff's Complaint.

2.     Defendants admits that Defendant Aramark is a limited liability

corporation. Defendants admit the remaining allegations in paragraph 2 of plaintiff's

Complaint.

**EXHIBIT**

B

3.    Upon information and belief, Defendants admit that plaintiff was at the Kroger Grocery Store located on 2970 Valley Gateway Boulevard in Roanoke Virginia on or about January 9, 2018. Defendants deny the remaining allegations in paragraph 3 of plaintiff's Complaint.

4.    The allegations in paragraph 4 of plaintiff's Complaint statements of law and not factual averments to which a response is required. To the extent a response is required, Defendants deny the allegations.

5.    Defendants deny the allegations in paragraph 5 of plaintiff's Complaint and demand strict proof thereof.

6.    Defendants deny the allegations in paragraph 6 of plaintiff's Complaint and demand strict proof thereof.

7.    Defendants deny the allegations in paragraph 7 of plaintiff's Complaint and demand strict proof thereof and further deny that a warning was necessary.

8.    Defendants deny the allegations in paragraph 8 of plaintiff's Complaint and demand strict proof thereof.

9.    Defendants deny the allegations in paragraph 9 of plaintiff's Complaint and demand strict proof thereof.

10.    Defendants will rely on the defenses of contributory negligence, choice of paths, assumption of risk, negligence of third parties over whom the Defendants lacks control, and failure to mitigate damages, to the extent those defenses are supported by the evidence obtained through discovery, investigation, or otherwise.

11.    Defendants reserve the right to assert additional defenses to this cause of action, affirmative or otherwise, if it later determines that such defense is available to it.

12.     Defendants denies that it is indebted to the Plaintiff in the amount of

$74,000 or in any amount.

13.     All allegations not expressly admitted herein are hereby denied.

WHEREFORE, the Defendants, KROGER LIMITED PARTNERSHIP I and

ARAMARK UNIFORM & CAREER APPAREL, LLC, by counsel, request that this court

dismiss the Complaint against it filed by the Plaintiff, allowing it the expenses, costs and

attorneys' fees expended herein, as well as such other relief as this Court deems just.

KROGER LIMITED PARTNERSHIP I
and ARAMARK UNIFORM & CAREER
APPAREL, LLC

By: _____ FOR Jessica
                    Counsel              Relyea

Brian A. Cafritz, VSB# 34366
Jessica G. Relyea, VSB# 76774
Chris Bergin, VSB# 87315
KALBAUGH PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com
Jessica.Relyea@kpmlaw.com
Christopher.Bergin@kpmlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing Defendants Answer were mailed first class postage prepaid on this 20th day of July, 2018, to:

Patrick T. Fennell, Esq.
PATRICK FENNELL, ATTORNEY AT LAW, P.C.
Post Office Box 12325
Roanoke, VA 24024

Harry F. Bosen, Jr., Esq.
HARRY F. BOSEN, JR. P.C.
Post Office Box 1028
Salem, VA 24153

*Counsel for Plaintiff*

Counsel

FOR Jessica Relyea

Exhibit C

| FSA-1940-17 (10-26-99) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | 8. KIND OF LOAN |
|---|---|---|

**PROMISSORY NOTE**

8. KIND OF LOAN
Type: OL    ☒ Regular    ☐ Limited Resource

| 1. Name | |
|---|---|
| PERRY E. ROUDABUSH/SUSAN H. ROUDABUSH/ BENJAMIN E. ROUDABUSH | |

☒ Pursuant to:
Consolidated Agricultural Credit Adjustment Act of 1978
☐ Emergency Agricultural Credit Adjustment Act of 1978

| 2. State VIRGINIA | 3. County PATRICK |
|---|---|

**9. ACTION REQUIRING NOTE**

| 4. Case Number 54-087-0223861415 | 5. Date JUNE 29, 2007 |
|---|---|
| 6. Fund Code 44 | 7. Loan Number 14 |

☐ Initial loan                    ☒ Rescheduling
☐ Subsequent loan                 ☐ Reamortization
☐ Consolidated & subsequent loan  ☐ Credit sale
☐ Consolidation                   ☐ Deferred payments
☐ Conservation easement           ☐ Debt write down

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in          CHATHAM, VIRGINIA 24531

, or at such other place as the Government may later designate in writing, the principal sum of ONE HUNDRED FORTY SIX THOUSAND THREE HUNDRED SEVENTY TWO AND 69/100---------------------- dollars ($   146,372.69                     ), plus interest on the unpaid principal balance at the **RATE** of FOUR AND THREE EIGHTS                                   percent (    04.375         %) per annum and -0-                                                    dollars ($    -0-                                    )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in          15          installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | | | | |
|---|---|---|---|---|---|---|
| $ 13,514.00 | on | 06/29/2008 | ;$ | | on | ; |
| $ | on | | ;$ | | on | ; |
| $ | on | | ;$ | | on | ; |
| $ | on | | ;$ | | on | ; |
| $ | on | | ;$ | | on | ; |
| $ | on | | ;$ | | on | ; |

and $   13,514.00       thereafter on    06-29    of each    YEAR                           until the principal and Interest are fully paid except that the final installment of the entire debtedness evidence hereby, if not sooner paid, shall be due and payable FIFTHTEEN           years from the date of this note, and except that prepayments may be made as provided below. The consideration for This note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

44-01 to
44-14

*Position 2*



For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-01 | $ 135,660.00 | 4.375 % | 07/25/2005 | SUSAN H. ROUDABUSH | 07/25/2012 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information ( Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of Discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, SW., Washington, DC 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

PERRY E. ROUDABUSH _____ (Borrower)

SUSAN H. ROUDABUSH _____ *(Borrower)*

BENJAMIN E. ROUDABUSH _____ (Borrower)

872 VA/NC ROAD

SPENCER, VA 24165

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

REPRODUCE LOCALLY. Include form number and **RESCHEDULED**

**FSA-1940-17**
(10-26-99)
U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

**PROMISSORY NOTE**

**8. KIND OF LOAN**

Type: OL    [X] Regular

[ ] Limited Resource

Pursuant to:

[X] Consolidated Farm & Rural Development Act

[ ] Emergency Agricultural Credit Adjustment Act of 1978

| 1. Name | | |
|---|---|---|
| SUSAN H.ROUDABUSH/PERRY E.ROUDABUSH/BENJAMIN E.ROUDABUSH | | |

| 2. State | 3. County |
|---|---|
| VIRGINIA | PATRICK |

| 4. Case Number | 5. Date |
|---|---|
| 54-087-0227881959 | July 25, 2005 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 01 |

**9. ACTION REQUIRING NOTE**

| | |
|---|---|
| [X] Initial loan | [ ] Rescheduling |
| [ ] Subsequent loan | [ ] Reamortization |
| [ ] Consolidated & subsequent loan | [ ] Credit sale |
| [ ] Consolidation | [ ] Deferred payments |
| [ ] Conservation easement | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in ROCKY MOUNT, VIRGINIA

_____, or at such other place as the Government may later designate in writing, the principal sum of

ONE HUNDRED THIRTY FIVE THOUSAND SIX HUNDRED SIXTY DOLLARS AND NO/100-------------------------------- dollars

($ 135,660.00 ), plus interest on the unpaid principal balance at the **RATE** of

FOUR AND THREE SEVEN FIVE

_____ percent ( 04.3750 %) per annum and

-0-

_____ dollars ($ -0- )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ____ SEVEN ____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ | | |
|---|---|---|
| $ 22,918.00 on July 25, 2006 | ; $ 22,918.00 on July 25, 2007 ; |
| $ 22,918.00 on July 25, 2008 | ; $ 22,918.00 on July 25, 2009 ; |
| $ 22,918.00 on July 25, 2010 | ; $ 22,918.00 on July 25, 2011 ; |
| $ 22,918.00 on July 25, 2012 | ; $ on ; |
| $ on | ; $ on ; |
| $ on | ; $ on ; |

and $ _____ N/A thereafter on N/A _____ of each N/A _____ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable SEVEN _____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

[Seal: COMMISSION ... P. CORBETT ... PHER ... ACCOUNTS ... COUNTY VIRGINIA]

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the debt evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice and TDD). USDA is an equal opportunity provider and employer.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_Susan H Roudabush_
SUSAN H. ROUDABUSH                                    (Borrower)

_Perry E. Roudabush_
PERRY E. ROUDABUSH                                    (BORROWER)

_Benjamin E. Roudabush_
BENJAMIN E. ROUDABUSH                                 (BORROWER)

872 VIRGINIA/NORTH CAROLINA ROAD, SPENCER, VIRGINIA 24165

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | **TOTAL** | $ |  |

Exhibit D

| FSA-1940-17 (10-26-99) | **U.S. DEPARTMENT OF AGRICULTURE** Farm Service Agency | 8. KIND OF LOAN |
|---|---|---|

**PROMISSORY NOTE**

**8. KIND OF LOAN**
Type: FO    ☒ Regular    ☐ Limited Resource

| 1. Name PERRY E. ROUDABUSH/SUSAN H. ROUDABUSH/ BENJAMIN E. ROUDABUSH | ☒ Pursuant to: Consolidated Agricultural Credit Adjustment Act of 1978 ☐ Emergency Agricultural Credit Adjustment Act of 1978 |
|---|---|

| 2. State VIRGINIA | 3. County PATRICK | **9. ACTION REQUIRING NOTE** |
|---|---|---|

**9. ACTION REQUIRING NOTE**

| ☐ Initial loan | ☒ Rescheduling |
|---|---|
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| ☐ Consolidation | ☐ Deferred payments |
| ☐ Conservation easement | ☐ Debt write down |

| 4. Case Number 54-087-0223861415 | 5. Date JUNE 29, 2007 |
|---|---|
| 6. Fund Code 41 | 7. Loan Number 15 |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in _____CHATHAM, VIRGINIA 24531_____

_____, or at such other place as the Government may later designate in writing, the principal sum of

_THIRTY TWO THOUSAND SIX HUNDRED EIGHT AND 46/100---------------------------_ dollars

($ _32,608.46_ ), plus interest on the unpaid principal balance at the **RATE** of

_FOUR AND SEVEN EIGHTS_    percent ( _04.875_ %) per annum and

_-0-_    dollars ($ _-0-_ )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in _38_ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ _1,902.00_ | on | _06/29/2008_ | ;$ | _____ | on | _____ | ; |
|---|---|---|---|---|---|---|---|
| $ _____ | on | _____ | ;$ | _____ | on | _____ | ; |
| $ _____ | on | _____ | ;$ | _____ | on | _____ | ; |
| $ _____ | on | _____ | ;$ | _____ | on | _____ | ; |
| $ _____ | on | _____ | ;$ | _____ | on | _____ | ; |
| $ _____ | on | _____ | ;$ | _____ | on | _____ | ; |

and $ _1,902.00_ thereafter on _06-29_ of each _YEAR_ until the principal and Interest are fully paid except that the final installment of the entire debtedness evidence hereby, if not sooner paid, shall be due and payable _THIRTY EIGHT_ years from the date of this note, and except that prepayments may be made as provided below. The consideration for This note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

PATRICK COUNTY VIRGINIA
COMMISSIONER OF ACCOUNTS
CHRISTOPHER A. CORBETT

41-0² to
41-15

Position 2

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 41-02 | $  30,000.00 | 4.875  % | 09/16/2005 | SUSAN H. ROUDABUSH | 09/16/2020 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its program and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information ( Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of Discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, SW., Washington, DC 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

PERRY E. ROUDABUSH                              (Borrower)

SUSAN H. ROUDABUSH                              (Borrower)

BENJAMIN E. ROUDABUSH                           (Borrower)

872 VA/NC ROAD

SPENCER, VA 24165

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | **TOTAL** | $ |  |

# ORIGINAL

**REPRODUCE LOCALLY.** Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
**RESCHEDULED**

## PROMISSORY NOTE

| 8. KIND OF LOAN |
|---|
| Type: ___FO___    [X] Regular |
| [ ] Limited Resource |
| **Pursuant to:** |
| [ ] Consolidated Farm & Rural Development Act |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 |

| 1. Name |
|---|
| SUSAN H. ROUDABUSH/PERRY E. ROUDABUSH/BENJAMIN E. ROUDABUSH |

| 2. State | 3. County |
|---|---|
| VIRGINIA | PATRICK |

| 4. Case Number | 5. Date |
|---|---|
| 54-087-0227881959 | September 16, 2005 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 41 | 02 |

**9. ACTION REQUIRING NOTE**

| | | |
|---|---|---|
| [ ] Initial loan | [ ] Rescheduling |
| [X] Subsequent loan | [ ] Reamortization |
| [ ] Consolidated & subsequent loan | [ ] Credit sale |
| [ ] Consolidation | [ ] Deferred payments |
| [ ] Conservation easement | [ ] Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in ROCKY MOUNT, VIRGINIA

_____, or at such other place as the Government may later designate in writing, the principal sum of

THIRTY THOUSAND DOLLARS AND NO/100-------------------------------------------------------------------------- dollars

($_____ 30,000.00 ), plus interest on the unpaid principal balance at the **RATE** of

FOUR AND EIGHT SEVEN FIVE _____ percent (_____04.8750 %) per annum and

-0- _____ dollars ($_____ -0- )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in _____FIFTEEN_____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | |
|---|---|---|
| $_____2,866.00 on 9-16-2006 | ; | $_____2,866.00 on 9-16-2007 ; |
| $_____2,866.00 on 9-16-2008 | ; | $_____2,866.00 on 9-16-2009 ; |
| $_____2,866.00 on 9-16-2010 | ; | $_____2,866.00 on 9-16-2011 ; |
| $_____2,866.00 on 9-16-2012 | ; | $_____2,866.00 on 9-16-2013 ; |
| $_____2,866.00 on 9-16-2014 | ; | $_____2,866.00 on 9-16-2015 ; |
| $_____2,866.00 on 9-16-2016 | ; | $_____2,866.00 on 9-16-2017 ; |

and $_____ 2,866.00 thereafter on 09-16 of each Year _____ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable FIFTEEN _____ from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

SUSAN H. ROUDABUSH                                          *(Borrower)*

PERRY E. ROUDABUSH                                          (BORROWER)

BENJAMIN E. ROUDABUSH                                       (BORROWER)

872 VIRGINIA/NORTH CAROLINA ROAD, SPENCER, VIRGINIA 24165

**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | **TOTAL** | $ |  |

# Exhibit E

AFFIDAVIT OF INDEBTEDNESS

Debtor:     Perry & Susan Roudabush

Acct. #:    54-087-000001415

| Loan Code | Current Note Date | Note Amount | Interest Rate | Unpaid Balances Interest | Unpaid Balances Principal | Total | Date of Last Pay-ment | Status: Ahead/ Behind | Daily Interest Accrual |
|-----------|-------------------|-------------|---------------|----------|-----------|-------|-----------------------|-----------------------|------------------------|
| 44-12 | 6/29/2007 | $56,627.88 | 5.00% | $27.99 | $3,296.75 | $3,324.74 | 6/13/2018 | behind | $0.45 |
| 41-13 | 6/29/2007 | $111,684.45 | 5.25% | $2,741.32 | $48,868.45 | $51,609.77 | | behind | $7.03 |
| 44-14 | 6/29/2007 | $146,372.69 | 4.38% | $67,836.40 | $146,151.06 | $213,987.46 | 10/31/2008 | behind | $17.52 |
| 41-15 | 6/29/2007 | $32,608.46 | 4.88% | $10,948.88 | $31,240.94 | $42,189.82 | 6/6/2011 | behind | $4.17 |
| | | | | | | $0.00 | | | |
| | | | | | | $0.00 | | | |
| | | | | | | $0.00 | | | |
| | | | | | | $0.00 | | | |
| | | | | | | $0.00 | | | |
| | Total | $347,293.48 | | $81,554.59 | $229,557.20 | $311,111.79 | | $     - | $29.17 |

The above account information is correct as of  8/14/2018  and represents an indebtedness that is
due and owing to the United States of America through its agency, Farm Service Agency,
 successor to Farmers Home Administration,  United States Department of Agriculture.  The date of last
payment on this account was  6/13/2018.  I certify under penalty of perjury that the foregoing is
true and correct pursuant to the provisions of Title 28 U.S.C. §1746.

Date:

Whitney L. Foster
Farm Loan Specialist
Farm Service Agency
Virginia State Office

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

UNITED STATES

**(b)**   County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
Laura D. Rottenborn
US Attorneys Office
3101st St. SW, Room 906, Roanoke, VA 24011

## DEFENDANTS

Perry E. Roudabush and Susan H. Roudabush

County of Residence of First Listed Defendant   Henry County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 850 Securities/Commodities/ |
| ☒ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | ☐ 895 Freedom of Information |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | Act |
|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | **FEDERAL TAX SUITS** | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | ☐ 870 Taxes (U.S. Plaintiff | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party | State Statutes |
| | Employment | **Other:** | 26 USC 7609 | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | |
| | Other | ☐ 550 Civil Rights | **IMMIGRATION** | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | |
| | | ☐ 560 Civil Detainee - | ☐ 465 Other Immigration | |
| | | Conditions of | Actions | |
| | | Confinement | | |

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1345
Brief description of cause:
Suit to obtain judgment against the defendants for default on USDA farm loan promissory notes.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $
311,111.19

CHECK YES only if demanded in complaint:
JURY DEMAND:     ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
10/19/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Laura Day Rottenborn

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

Case 7:18-cv-00511-EKD   Document 1-6   Filed 10/19/18   Page 1 of 1   Pageid#: 28

Print            Save As...            Reset